UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:26-cv-00777-SSS-SPx | Date | April 14, 2026 |
|---|---|---|---|
| Title | *Madison Jones v. Hoot Home Loans LLC et al.* | | |

| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |
|---|---|

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND FOR ATTORNEYS' FEES FOR LOCAL RULE 7-3 NONCOMPLIANCE [DKT. NO. 6]**

Before the Court is Plaintiff Madison Jones's Motion to Remand Action to State Court and Awarding Attorneys' Fees Pursuant to 28 U.S.C. § 1447(c). [Dkt. No. 6, "Motion"]. For the reasons set forth below, the Motion is **DENIED WITHOUT PREJUDICE**.

Local Rule 7-3 demands that "counsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." C.D. Cal. R. 7-3. The conference must occur at least 7 days before the filing of the motion. *Id.* If the parties cannot reach a resolution, counsel for the moving party must include a statement in the notice of motion articulating that the parties met and conferred on a certain date. *Id.*

Further, the Court's Civil Standing Order requires that statement to include "(1) the names of the counselors present at the conference, (2) when the conference was held, (3) how long the conference lasted, (4) the manner in which the conference was held, (5) what issues were discussed, and (6) what issues the parties were unable to resolve. [Dkt. No. 5 at 12].

Here, Plaintiff's Motion does not comply with the requirements of Local Rule 7-3—there is no mention of whether a meet-and-confer took place.  Nor is there any mention of the names of counselors, how long the conference lasted, and the manner in which it was held.  As such, the Motion also does not satisfy the requirements of the Court's Civil Standing Order.

Accordingly, Plaintiff's Motion is **DENIED WITHOUT PREJUDICE**. [Dkt. No. 6].  The Court will not grant any subsequent motions if the parties fail to satisfy the meet and confer requirements.  The hearing scheduled on April 24, 2026 is hereby **VACATED**.

**IT IS SO ORDERED.**