JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-00777-SSS-SPx | Date | May 19, 2026 |
| Title | *Madison Jones v. Hoot Home Loans LLC et al.* | | |

| | |
|---|---|
| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND GRANTING PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES [Dkt. NO. 11]**

Before the Court is Plaintiff Madison Jones's Motion to Remand and for Attorneys' Fees. [Dkt. No. 11, "Motion"]. Defendant Hoot Home Loans, LLC filed an Opposition. [Dkt. No. 12, "Opp."]. Plaintiff filed a Reply. [Dkt. No. 13, "Repl."]. Having considered the parties' arguments, relevant legal authority, and record in this case, the Court **GRANTS** the Motion to Remand and **GRANTS** Plaintiff's request for attorneys' fees.

## I.    BACKGROUND

On November 12, 2025, Plaintiff filed a fifteen-cause-of-action Complaint in the Superior Court of California, County of San Bernardino, asserting claims under the California Fair Employment and Housing Act and the California Labor Code. Defendant Hoot Home Loans, LLC was served with the Complaint on December 22, 2025. On February 12, 2026, fifty-two days after service, Defendant filed its Notice of Removal, invoking diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441(a). [Dkt. No. 1].

CIVIL MINUTES—
GENERAL

Initials of Deputy Clerk iv

On March 13, 2026, Plaintiff filed her initial Motion to Remand. [Dkt. No. 9]. The Court denied that motion without prejudice on April 14, 2026, solely for failure to comply with Local Rule 7-3. [Dkt. No. 10]. Plaintiff refiled the present Motion on April 24, 2026, after completing the meet-and-confer process. [Dkt. No. 11].

## II.    LEGAL STANDARD

Federal courts are of limited jurisdiction and possess only that jurisdiction which is authorized by either the Constitution or federal statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under 28 U.S.C. § 1441(a), a civil action may be removed from state to federal court if the action is one over which a federal court could exercise original jurisdiction. When removing a case under diversity jurisdiction, the defendant must establish (1) complete diversity among the parties and (2) an amount in controversy of more than $75,000. 28 U.S.C. § 1332; *see Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 415 (9th Cir. 2018).

"A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (holding the removal statute is "strictly construe[d] . . . against removal jurisdiction"). Moreover, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). This presumption against removal "means that the defendant always has the burden of establishing that removal is proper." *Id.* (citations omitted). "[T]he court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing *Gaus*, 980 F.2d at 566).

## III.    DISCUSSION

### A.    Timeliness of Removal

Defendant argues that Plaintiff's § 1446(b) timeliness challenge is waived because the operative motion was filed on April 24, 2026, more than thirty days after the February 12, 2026 Notice of Removal. [Dkt. No. 12 at 3–4]. This argument disregards the record. Plaintiff filed her initial Motion to Remand on March 13, 2026, one day before the thirty-day deadline expired on March 14,

CIVIL MINUTES—GENERAL    Initials of Deputy Clerk iv

2026.  [Dkt. No. 9].  The Court denied that motion without prejudice on April 14, 2026, solely for a Local Rule 7-3 deficiency.  [Dkt. No. 10].  Plaintiff's refiled Motion on April 24, 2026, cured the procedural defect and preserved the same substantive grounds.  The timeliness challenge under § 1446(b) was therefore raised within the statutory window and is not waived.  *See, e.g.*, *Empire Cmty. Development LLC v. Walters*, No. 25-cv-4192-KMK, 2026 WL 851356, at *3 n.3 (S.D.N.Y. Mar. 27, 2026) ("Because this denial was without prejudice, and as the initial Motion to Remand was filed within the 30-day period provided for seeking remand based on procedural defects, the Court treats the second Motion to Remand as one timely filed to raise procedural defects.").

Next, Defendant was served with the Complaint on December 22, 2025.  The thirty-day removal period under § 1446(b)(1) therefore expired on January 21, 2026.  Defendant did not file its Notice of Removal until February 12, 2026, twenty-two days after the statutory deadline.  Defendant's explanation that counsel was "formally retained on Monday, February 9, 2026" does not toll or extend the thirty-day clock.  The removal period runs from formal service of the initial pleading, not from the date a defendant retains counsel.  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999); *see also Crouch v. Roberts Enterprises Investments, Inc.*, No. 20-cv-0988-SMV-CG, 2021 WL 371517, at *4 (D.N.M. Feb. 3, 2021) ("Defendant's position that the removal period should not begin until it retained counsel would make the statutory deadline meaningless.").

Nor does a stipulated extension of time to file a responsive pleading in state court toll the federal removal deadline.  *See, e.g.*, *Diaz v. Swiss Chalet*, 525 F. Supp. 247, 250 (D.P.R. 1981) ("State laws, regulations or orders from state judges cannot shorten or expand a period of time granted in federal law for the benefit of litigants. . . . [This] would be tantamount to the abrogation of the 30-day period of time provided in Section 1446(b) to remove a case. A defendant in the state courts would then have as much time to remove as extensions of time to plead he can obtain from state judges. Such a result, of course, cannot be permitted.").

The Notice of Removal is therefore untimely on its face.  Because Plaintiff preserved this defect by filing her original Motion within thirty days of the Notice of Removal, remand is required.

---

CIVIL MINUTES—GENERAL    Initials of Deputy Clerk iv

### B.   Attorneys' Fees

Section 1447(c) authorizes the Court to require payment of "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Fees are appropriate where "the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Defendant lacked an objectively reasonable basis for removal here.  The untimeliness defect was apparent from the face of Defendant's own Notice of Removal, which acknowledged service on December 22, 2025 and was filed fifty-two days later.  Defendant's reliance on the date of counsel's retention is legally untenable in light of long-settled authority that the thirty-day clock runs from service.  *Murphy Bros.*, 526 U.S. at 347–48.  A facially untimely removal, filed twenty-two days past the statutory deadline based on justifications not supported by any asserted case law, does not reflect the objectively reasonable basis that *Martin* requires.

Plaintiff requests $3,150.00 in fees, representing seven hours at a rate of $450.00 per hour.  [Dkt. No. 11-1, "Ahn Decl." ¶¶ 11–14].  The Court finds the hourly rate reasonable and consistent with prevailing market rates in this District for employment litigators of comparable experience.  The Court further finds that seven hours is a reasonable expenditure of time for the preparation of the Motion, Reply, and supporting declaration.  The Court therefore awards Plaintiff $3,150.00 in attorneys' fees under § 1447(c).

## IV.   CONCLUSION

As such, the Court **GRANTS** Plaintiff's Motion to Remand.  [Dkt. No. 11]. This action is **REMANDED** to the Superior Court of California, County of San Bernardino.  Plaintiff's request for attorneys' fees under 28 U.S.C. § 1447(c) is also **GRANTED**.  Defendant Hoot Home Loans, LLC shall pay Plaintiff $3,150.00 in attorneys' fees within thirty (30) days of the date of this Order.  (JS-6)

**IT IS SO ORDERED.**